UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TEAM NEW ZEALAND LTD.,                          :
                                                :
        Plaintiff,                              :
                                                :
   – against –                                   :
                                                :
SOCIÉTÉ NAUTIQUE DE GENÈVE,                     :       08-CIV-4215 (WHP)
TEAM ALINGHI, S. A., AC MANAGEMENT,             :
S. A., and ERNESTO BERTARELLI                   :
                                                :
        Defendants.                             :
------------------------------------------------------------------x


**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF ITS MOTION TO REMAND**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT..............................................................................................................................2

I.  The Arbitration Provision in the Protocol Does Not Fall
    Under the Convention................................................................................................4

II. Defendants Have Failed to Demonstrate that the Subject Matter
    of this Action Relates to the Purported Arbitration Agreement ............................6

    A.  Claims Brought Under the Deed of Gift Cannot Be Governed
        by the Arbitration Provision in the Protocol..................................................6

    B.  Plaintiff's Breach of Contract Claim Is Based on Defendants'
        Breach of Its Promise to Hold the America's Cup in Valencia, Spain
        in 2009, Which Is Not Governed by the Protocol or the Purported
        Arbitration Agreement. .....................................................................................7

III. CONCLUSION..............................................................................................................9

# TABLE OF AUTHORITIES

## Cases

*Buckeye Check Cashing, Inc. v. Cardegna*,
　546 U.S. 440 (2006).................................................................................................7

*Frydman v. Cosmair, Inc.*,
　No. 94 Civ. 3772, 1995 WL 404841 (S.D.N.Y. July 6, 1995) ...............................2, 3

*Island Territory of Curacao v. Solitron Devices, Inc.*,
　356 F. Supp. 1 (S.D.N.Y. 1973)............................................................................4, 5

*JLM Indus., Inc. v. Stolt-Nielsen SA*,
　387 F.3d 163 (2d Cir. 2004).....................................................................................7

*McNutt v. General Motors Acceptance Corp.*,
　298 U.S. 178 (1936).................................................................................................3

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*,
　388 U.S. 395 (1967).................................................................................................6

*Prograph Int'l Inc. v. Barhydt*,
　928 F. Supp. 983 (N.D. Cal. 1996)...........................................................................5

*Somlyo v. J. Lu-Rob Enters., Inc.*,
　932 F.2d 1043, (2d Cir. 1991)..................................................................................3

*Sumitomo Corp. v. Parakopi Compania Maritima, S.A.*,
　477 F. Supp. 737 (S.D.N.Y. 1979) ...........................................................................5

*United Food & Commercial Workers Union, Local 919, AFL-CIO v.
　CenterMark Properties Meriden Square, Inc.*,
　30 F.3d 298 (2d Cir. 1994).......................................................................................2

## Statutes

9 U.S.C. § 202.................................................................................................................4

9 U.S.C. § 205.................................................................................................................3

28 U.S.C. § 1447(c) ........................................................................................................1

## Other Authorities

New York Convention on the Recognition and
　Enforcement of Foreign Arbitral Awards,
　Dec. 29, 1970, 21 U.S.T. 2517..................................................................................4

Plaintiff Team New Zealand, Ltd. ("TNZ") respectfully submits this reply memorandum of law in further support of its motion to remand *Team New Zealand Ltd. v. Société Nautique De Genéve, Team Alinghi, S.A., AC Management S.A., and Ernesto Bertarelli*, No. 08-CIV-4215, to the Supreme Court of the State of New York, pursuant to 28 U.S.C. § 1447(c).

## **PRELIMINARY STATEMENT**

In its opening brief, Plaintiff demonstrated that the Court lacks subject matter jurisdiction over Plaintiff's claims and that this action should be remanded to the Supreme Court of New York State. Defendants, who do not contest that they bear the burden of establishing subject matter jurisdiction, have failed to demonstrate that this action properly belongs in federal court.

In its Complaint, filed in the Supreme Court of the State of New York, Plaintiff alleged that Defendants breached a written promise to hold the America's Cup in Valencia in 2009 and that Defendants, as trustees of a New York trust, breached their fiduciary duty to the trust's beneficiaries. Defendants' sole ground for removal is Section 205 of the Federal Arbitration Act (the "FAA"), which permits removal of state cases that relate to foreign arbitration agreements falling under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards on June 10, 1958 (the "Convention"). To satisfy their burden, Defendants must present competent proof that the dispute resolution provision found in the now-invalidated Protocol Governing the Thirty Third America's Cup (the "Protocol") (i) falls under the Convention and (ii) "relates to" the subject matter of Plaintiff's action. Defendants have not satisfied either prong of this analysis.

Defendants do not dispute that, in the United States, the Convention only applies to commercial agreements. Defendants, who bear the burden of establishing that the arbitration agreement falls under the Convention, have simply failed to show how an agreement that

establishes the rules for a yacht race should be considered a commercial agreement under the Convention.

Neither have Defendants demonstrated that Plaintiff's claims relate to the dispute resolution provision in the Protocol. In its opening brief, Plaintiff showed that the Protocol's dispute resolution provision could not conceivably govern claims brought under the Deed of Gift because such application would be invalid under New York law. Defendants argue in response that the arbitration requirement is valid because it binds only Plaintiff, not all beneficiaries. In fact, however, the arbitration clause applies to *all* potential competitors and is therefore invalid under New York law. Plaintiff also demonstrated that its breach of contract claim relates to Defendants' breach of a separate, written promise to hold the America's Cup in Valencia in 2009. Defendants do not deny that this promise is nowhere mentioned in the Protocol, nor mentioned in any other document to which the Protocol's dispute resolution provision purportedly pertains.

## **ARGUMENT**

Defendants do not dispute that they bear the burden of establishing that this Court has subject matter jurisdiction over Plaintiff's claims. *See Frydman v. Cosmair, Inc.*, No. 94 Civ. 3772, 1995 WL 404841 at *2 (S.D.N.Y. July 6, 1995) (noting that the removing defendant under Section 205 bears the burden of establishing federal jurisdiction); *see also* Plaintiff's Opening Brief ("Pl. Br.") at 6-7. As the parties opposing remand, Defendants must demonstrate by "competent proof" that this case properly belongs in federal court. *See United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("Thus, if [the averring party's] allegations of jurisdictional facts are challenged by [its] adversary in *any appropriate* manner, [the averring party] must support

2

them by competent proof.") (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) (emphasis and alteration in original). "Any doubts as to removability should be resolved in favor of remanding the case to state court." *Frydman*, 1995 WL 404841 at *2 (citing *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991)).

In order to satisfy their burden, Defendants must demonstrate not only that the arbitration provision found in the Protocol falls under the Convention, but also that the arbitration provision relates to the subject matter of this action. *See* 9 U.S.C. § 205. Defendants have not made either showing. Rather than addressing Plaintiff's arguments directly on these issues, Defendants devote substantial space in their opposition brief to the historical uses of arbitration panels in previous America's Cup races and the allegedly "careful and well-reasoned opinion" issued by the 33rd America's Cup Arbitration Panel regarding the validity of Club Náutico Español de Vela's ("CNEV") challenge. *See* Defendants' Opposition Brief ("Def. Br.") at 1-2, 6-7. These arguments are mere distractions.

The issue here is not whether arbitration has been used in the past, but whether Plaintiff's claims in this case could possibly be governed by the dispute resolution provision found in the Protocol Governing the 33rd America's Cup. For the reasons stated below, and further explained in Plaintiff's Opening Brief, they cannot.

Moreover, to refer to the actions of the Arbitration Panel with respect the Golden Gate Yacht Club's ("GGYC") claim that CNEV is an invalid Challenger of Record as "careful and well-reasoned" is disingenuous at best. A review of the decision rendered by the Arbitration Panel confirms that GGYC did not even participate in the proceeding. As GGYC stated in declining to participate:

> The format and process set up for this arbitration in The Protocol Governing the Thirty Third America's Cup ("Protocol") violate the most basic principles of justice and

3

> independence common to illegitimate adjudicatory bodies and are an affront to the most basic sensibilities common to all law abiding people. A dispute resolution proceeding in which the parties to the proceeding are in agreement (in this case CNEV and SNG), and in which the judges may be removed, and the rules of procedure may be changed, at any time and for any reason by the parties to the arbitration, will be viewed by the public and the sailing community as nothing more than a kangaroo court.

Ex. E to Ostrager Affidavit at 18.

When Defendants finally address the substance of Plaintiff's motion, their arguments fail.

### I.     The Arbitration Provision in the Protocol Does Not Fall Under the Convention.

In order to establish subject matter jurisdiction, Defendants must demonstrate that Plaintiff and Defendants entered an agreement to arbitrate that falls under the Convention. As set forth in Plaintiff's opening brief, in the United States, the Convention applies "only to differences arising out of legal relationships, whether contractual or not, which are considered as commercial under the national law of the United States." New York Convention, Note by the Department of State, Dec. 29, 1970, 21 U.S.T. 2517; Pl. Br. at 9. Section 202 of the FAA implements this limitation: "An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract or agreement described in section 2 of this title, falls under the Convention." 9 U.S.C. § 202. Defendants must demonstrate, by competent proof, that a document that purports to establish the rules for a yacht race is a commercial agreement for purposes of the Convention. They have failed to shoulder this burden.

Defendants assert that the term "commercial" is "[d]esigned [t]o [c]over [a] [w]ide [r]ange [o]f [a]ctivities." None of the cases relied upon by Defendants supports this proposition. *See generally* Def. Br. at 8-9. Defendants' reliance on *Island Territory of Curacao v. Solitron Devices, Inc.*, 356 F. Supp. 1 (S.D.N.Y. 1973) is misplaced for two reasons. First, the district court in *Curacao*, contrary to Defendants' characterization, did not "conclude" *anything* about

4

the nature of the term "commercial"; rather, the court observed that "[r]esearch has developed nothing to show what the purpose of the 'commercial' limitation was. *We may logically speculate* that it was to exclude matrimonial and other domestic relations awards, political awards, *and the like*." Id. at 13 (emphasis added).  <u>Second</u>, the legal relationship between the parties in *Curacao* was plainly commercial: the parties entered an agreement in which the government of Curacao promised to build an office park and Solitron promised to establish a manufacturing operation on that premises.  Similarly, the relationship between the parties in *Prograph Int'l Inc. v. Barhydt*, 928 F. Supp. 983 (N.D. Cal. 1996) was also plainly commercial in nature, inasmuch as Prograph sought to compel arbitration of a wrongful termination claim brought by a former employee, Barhydt.  Defendants' characterization of the district court's opinion in *Sumitomo Corp. v. Parakopi Compania Maritima, S.A.*, 477 F. Supp. 737 (S.D.N.Y. 1979) is similarly misleading.  There, the court held only that Section 202 does not exclude purely international arbitration awards. *Id.* at 740 ("Citing cases holding that 'commerce' as defined by 9 U.S.C. s 1 does not include commerce involving only foreign parties, Parakopi argues that 'commercial' disputes involving only foreign entities should also be excluded from coverage under 9 U.S.C. ss 202 and 203.  I disagree.").  That case said nothing about whether the agreement at issue was or was not "commercial".

Defendants make much of the fact that the Protocol references financial matters, including the fact that one of its sections is entitled "Commercial". *See* Def. Br. at 2.  It bears noting that this section fills only two of the Protocol's thirty three pages.  But more important, the inclusion of financial matters does not turn the rules for a sailing competition into a commercial agreement.  Defendants cannot seriously contest that, at bottom, the Protocol establishes the rules for a yacht race and that by "signing onto" that Protocol, competitors agree

5

to race in observance of those rules. While that yacht race may indeed present a lucrative business opportunity, that does not make the rules of the competition a commercial agreement.

    II.    **Defendants Have Failed to Demonstrate that the Subject Matter of this Action Relates to the Purported Arbitration Agreement.**

        A.    **Claims Brought Under the Deed of Gift Cannot Be Governed by the Arbitration Provision in the Protocol.**

In its opening brief, Plaintiff established that claims brought under the Deed of Gift cannot be governed by the dispute resolution provision found in the Protocol. If claims brought under the Deed of Gift were to be so governed, then the arbitration provision itself would be invalid under New York law because such a requirement by the trustee would amend the terms of the Deed of Trust in violation of that trust instrument. *See* Pl. Br. at 11-12. Defendants describe this argument as a "strawman" because, Defendants assert, the "arbitration agreement" applies only to Plaintiff and not to all beneficiaries. *See* Def. Br. at 12. That is wrong.

The arbitration provision is contained in the Protocol, and *every potential competitor* in the 33rd America's Cup must agree to be bound by the Protocol and its dispute resolution provision. To the extent the provision governs claims made under the Deed of Gift, it is thus an impermissible amendment to the Deed of Gift.

Moreover, the fact that the Complaint cites Defendants' acts concerning the issuance of the Protocol, among other acts, in pleading its breach of fiduciary duty claim is irrelevant. Defendants, as trustee, lacked the authority to require that claims brought under the Deed of Gift must be arbitrated, regardless of how those claims are framed.

Defendants also rely on the "severability doctrine," as established by the Supreme Court in *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967) and its progeny, for the proposition that the invalidity of the Protocol as a whole is irrelevant because "an

6

agreement to arbitrate is a separable agreement and enforceable regardless of the validity of the Protocol as a whole." Def. Br. at 4. Plaintiff does not, however, rely on the invalidity of the Protocol as a whole, but rather the fact that the arbitration clause itself is invalid under New York law. This is precisely the type of challenge that survives the severability doctrine. *See, e.g., Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006) *("[U]nless the challenge is to the arbitration clause itself,* the issue of the contract's validity is considered by the arbitrator in the first instance.") (emphasis added).

### B. Plaintiff's Breach of Contract Claim is Based on Defendants' Breach of Its Promise to Hold the America's Cup in Valencia, Spain in 2009, Which Is Not Governed by the Protocol or the Purported Arbitration Agreement.

In its opening brief, Plaintiff demonstrated that the arbitration provision found in the Protocol cannot conceivably govern the breach of contract claim. *See* Pl. Br. at 13. Plaintiff's breach of contract claim arises out of Defendants' written promise to hold the America's Cup in Valencia in 2009 and subsequent breach of that promise. Defendants do not deny that that promise is nowhere mentioned in the Protocol or any other document allegedly created under the authority of the now-invalid Protocol.

Instead, Defendants assert that the arbitration provision is "broad" and that, "if the allegations underlying the claim touch matters *covered by the parties' contracts*, then those claims must be arbitrated, whatever the legal labels attached to them." Def. Br. at 11 (citing *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 172 (2d Cir. 2004)) (emphasis added). The fact remains, however, that Defendants' promise to hold the America's Cup in Valencia in 2009 is not a matter covered by any contract containing an arbitration clause, nor does it touch upon the Protocol or the Notice of Entry, neither of which mention Defendants' promise. Defendants could have attempted to require arbitration of all disputes relating to the 33rd America's Cup.

7

Indeed, that Defendants knew how to do so is shown in the Notice of Entry, which required that RNZYS, *but not* TNZ, submit *all* disputes relating to the 33rd America's Cup to arbitration. The Notice of Entry provides in relevant part:

> 4.  Arbitration and Dispute Resolution
>
>     The RNZYS and Team New Zealand each hereby unconditionally agree and accept to be bound by the dispute resolution provisions of the Protocol and by the decisions rendered by the Measurement Committee, Sailing Jury and Arbitration Panel in accordance with such provisions of the Protocol. *RNZYS further* unconditionally submit to the exclusive jurisdictions of the Measurement Committee, Sailing Jury and the Arbitration Panel as provided in the said Protocol and *agree and undertake not to resort to any other court, or tribunal **with respect of any matter regarding the 33rd America's Cup***.

Ex. A to Ostrager Affidavit at 2 (emphasis added). The arbitration provision in Article 21 of the Protocol, by comparison, is limited, requiring arbitration only of "any dispute, protest or claim arising out of or in relation to this Protocol and/or the Applicable Documents, the interpretation or breach thereof." Protocol ¶ 21. As discussed, Plaintiff's breach of contract claims is simply not governed by that language.

8

## **CONCLUSION**

For the foregoing reasons and for the reasons stated in Plaintiff's opening brief, this case should be remanded to the Supreme Court of New York, New York County, for further disposition.

Dated: June 25, 2008

                                        Respectfully submitted,

                                        BOIES, SCHILLER & FLEXNER, LLP

                                        _____
                                        David Boies
                                        333 Main Street
                                        Armonk, New York 10504
                                        (914) 749-8200

                                        Philip M. Bowman
                                        575 Lexington Avenue, 7th Floor
                                        New York, New York 10022
                                        (212) 446-2300

                                        *Attorneys for Plaintiff Team New Zealand Ltd.*